UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PLANET CONSTRUCTION J2911 L L C** | **CASE NO. 2:21-CV-01075** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GEMINI INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the Court is a Motion to Set Aside Entry of Default [doc. 29] filed by defendant Gemini Insurance Company ("Gemini"). Gemini asserts that it was unaware of this matter until it received the court's entry of default on August 10, 2021, due to an administrative error regarding the misfiling of an email through which the summons and complaint were received.[1] Doc. 29, att. 1. It now moves to set aside the default, arguing that its conduct was not willful and that plaintiff Planet Construction J2911 LLC ("Planet Construction") has not been prejudiced because the case is still in its early stages as to the other two defendants and no scheduling order has yet been issued. Planet Construction opposes the motion. Doc. 33. It argues that the administrative error is not adequate cause and that prejudice exists because Planet Construction would have to litigate the issues otherwise disposed of by the default. *Id.*

---

[1] Gemini has attached an affidavit from a supervisor of claims services, who describes how the email containing the summons and complaint in this suit was mis-filed into a subfolder indicating that the administrative process was complete. Doc. 29, att. 2.

The defendant has the burden to convince the court that its neglect was excusable, rather than willful, by a preponderance of the evidence. *Rogers v. Hartford Life & Accident Ins. Co.,* 167 F.3d 933, 939 (5th Cir. 1999). "A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Lacy v. Sitel Corp.,* 227 F.3d 290, 292 (5th Cir. 2000).

The record reflects that Gemini was served on April 26, 2021, with an answer due date of May 17, 2021. Doc. 7. The other two defendants in this matter were served on the same date and timely filed their answers. Docs. 6, 7, 9, 12. However, the matter was only referred to the Magistrate Judge for a scheduling conference on July 23, 2021, after the court granted the other defendants' motion to opt out this case from the court's Disaster Recover Case Management Order and associated Streamlined Settlement Process. Doc. 22. Planet Construction moved for entry of default against Gemini a week later and the scheduling conference has not yet been set, in accordance with the court's practices, due to a defendant being in default. In its motion to set aside default, Gemini also describes potentially meritorious defenses to Planet Construction's claims. Doc. 29, att. 1, pp. 7–10.

While Gemini is not relieved of monitoring its correspondence, the court does not believe that the draconian remedy of a default judgment is in order. Planet Construction's prosecution of this matter was only briefly delayed and Gemini's conduct was not willful. Planet Construction should not receive the benefit of a default judgment under these circumstances, especially where Gemini is prepared to defend itself.

## CONCLUSION

The Court finds that Gemini has met its burden of proof that its failure to timely respond to this lawsuit was not willful but was excusable neglect. Accordingly, **IT IS ORDERED** that the Motion to Set Aside the Entry of Default is hereby **GRANTED** and the Entry of Default be **SET ASIDE**. The matter is hereby referred to Magistrate Judge Kay for a scheduling conference.

**THUS DONE AND SIGNED** in Chambers on this 17th day of September, 2021.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**