UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PLANET CONSTRUCTION J2911 L L C** : **CASE NO. 2:21-CV-01075**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**GEMINI INSURANCE CO ET AL** : **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 44] filed by defendant Zurich American Insurance Company and seeking dismissal of all claims raised against it by plaintiff Planet Construction J2911 LLC, d/b/a Planet Construction LLC ("Planet Construction"). Planet Construction opposes the motion. Doc. 50.

### I.
### BACKGROUND

Planet Construction, a general contractor, was in the process of building a fitness club, Club 4 Fitness, in Lake Charles, Louisiana, when Hurricane Laura struck Southwest Louisiana on August 27, 2020. Planet Construction had subcontracted construction of the sprinkler system at the club to S&S Sprinkler, LLC. Planet Construction alleges that on August 31, after it had inspected the premises and remediated storm damage, a pipe in the sprinkler system broke due to the faulty materials and workmanship of S&S and caused extensive damage. Doc. 1. It sought coverage under its commercial general liability policy with Gemini Insurance Company ("Gemini") as well as under S&S's policy with Zurich, under which it alleges it was to be named an additional insured. Gemini denied the claim

based on plaintiff's failure to promptly notify it of the loss while Zurich requested additional information but then allegedly failed to respond upon submission of the documentation. *Id.* Accordingly, plaintiff filed suit against S&S, Gemini, and Zurich in this court, raising claims of breach of contract and bad faith. *Id.*

Gemini and Zurich have both moved for summary judgment. Zurich argues that (1) Planet Construction, as a claimed additional insured, is not entitled to assert bad faith claims based on a breach of the policy and (2) Planet Construction is only entitled to coverage under the policy upon entry of a judgment against a named or additional insured. Doc. 44. Planet Construction opposes the motion, arguing that genuine issues of fact exist as to its status under the policy and that it is entitled to recover remediation and repair costs under this policy because it was legally obligated to pay same through its contract with Club 4 Fitness. Doc. 50.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). The words of the policy are given their generally prevailing meaning and "interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole." *Coleman v. Sch. Bd. of Richland Par.*,

Case 2:21-cv-01075-JDC-KK Document 59 Filed 06/13/22 Page 4 of 6 PageID #: 1044

418 F.3d 511, 516–17 (5th Cir. 2005) (citing La. Civ. Code arts. 2047, 2050). Ambiguities in the policy must be construed against the insurer and in favor of coverage. *Id.* The court resolves an ambiguity by asking "how a reasonable insurance policy purchaser would construe the clause at the time the insurance contract was entered." *Id.*

The insurance agreement at issue is a commercial general liability ("CGL") policy issued by Zurich to S&S, which was in effect at the date of loss. Under Section I, "Coverage," it provides in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

Doc. 44, att. 3, p. 46. This provision is identical to the liability coverage offered in Gemini's policy. As it asserted in opposition to Gemini's Motion for Summary Judgment, Planet Construction maintains that coverage is owed based on its potential liability in (1) negligence, based on allegations from S&S in this suit and (2) contract, based on obligations under its agreement with Club 4 Fitness. Doc. 50.

Coverage would be triggered under this policy to the extent Club 4 Fitness would hold Planet Construction liable for the sprinkler failure, either through its own negligence or that of S&S. No such suit has been filed, however. As for Planet Construction's potential contractual liability to remediate damages, this presents a thornier issue. Judge Foote of this district recently considered a similar scenario in *Eagle Water, LLC v. Arch Insurance Co.*, 360 F.Supp.3d 426 (W.D. La. 2018), where the insured sought recovery under its CGL

Page 4 of 6

policy for repair and remediation work it conducted following a localized sewer collapse. The insured argued that it was entitled to reimbursement for these costs under the policy because it prevented and/or minimized the damages it would otherwise have to pay. The court disagreed, however, noting that the liability policy covered only "sums that the Insured becomes legally obligated to pay" and that plaintiff could only speculate that it would have become obligated to pay such sums had it not repaired and mitigated the damage. *Id.* at 430. The court concluded that it was sympathetic to plaintiff's position but could find no Louisiana case law supporting plaintiff's more speculative interpretation of "legally obligated to pay" and could not "craft into the insurance contract the equitable provisions" that plaintiff sought. *Id.* at 432–33.

In opposition to Gemini's motion Planet Construction attempts to distinguish the case, arguing that its potential liability also arises from a contractual obligation with Club 4 Fitness to promptly remediate and repair any damage. The relevant provision in this contract states:

> Contractor warrants that the Work done under this Agreement will be free from faulty materials or workmanship at the time of delivery and will comply with the Plans and Specifications. Upon receiving notification from Owner, Contractor agrees to remedy, repair, or replace, immediately, without cost to Owner and to Owner's satisfaction, all defects, damages, or imperfections appearing in the Work (including labor and materials) within a period of one (1) year after completion of the Work.

Doc. 49, att. 2, p. 4. The general grant of coverage under a CGL policy is not limited to claims in tort. *Broadmoor Anderson v. Nat'l Union Fire Ins. Co. of La.*, 912 So.2d 400, 405–06 (La. Ct. App. 2d Cir. 2005). However, coverage in this matter is limited by the plain language of the contract to that which the insured "becomes legally obligated to pay

**as damages**" and to the insurer's duty to defend and indemnify the insured in a suit for same. Doc. 44, att. 2, p. 46 (emphasis added). There is no such suit pending at this point. Even though Planet Construction's remediation and repair efforts likely averted a breach of contract claim by Club 4 Fitness, the court cannot expand coverage under the insurance policy to cover its proactive measures. Accordingly, the motion for summary judgment must be granted and the court need not explore whether Planet Construction's status as additional insured or otherwise impacts its ability to claim coverage in this matter.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 44] will be **GRANTED** and Planet Construction's claims against Zurich will be dismissed, without prejudice to its right to reassert same if it can show a suit potentially triggering coverage.

**THUS DONE AND SIGNED** in Chambers this 13th day of June, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE