UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**PLANET CONSTRUCTION J2911 LLC**          **CASE NO. 2:21-CV-01075**

**VERSUS**          **JUDGE JAMES D. CAIN, JR.**

**GEMINI INSURANCE CO ET AL**          **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the Court is a motion for summary judgment (Doc. 82) filed by S&S Sprinkler Company, LLC ("S&S"), wherein S&S argues that Plaintiff Planet Construction J2911, LLC d/b/a Planet Construction, LLC ("Planet Construction") cannot support its breach of contract and negligence claims, and alternatively, any recoverable damages are contractually limited. Planet Construction opposes the motion. Doc. 85. The motion is ripe.

### I.    BACKGROUND

This diversity action arises from the failure of a tee fitting on a sprinkler system that was worked on by the subcontractor S&S during the construction of a fitness club, Club 4 Fitness, in Lake Charles, Louisiana, from which the general contractor, Planet Construction, claims it was legally obligated to repair.[1] On May 15, 2020, Planet Construction and Club 4 Fitness executed a "Club 4 Fitness General Contractor Agreement" for the construction of a Club 4 Fitness at 139 West McNeese Street.[2] On June 12, 2020, Planet Construction and S&S executed a subcontractor agreement

---

[1] Doc. 1, p. 3, ¶12.
[2] Docs. 82-2, 85-3.

("Subcontract") for the sprinkler portion of the Club 4 Fitness project.[3] The Subcontract provided S&S's scope of work.[4] As the work progressed, S&S and Planet Construction executed two work orders for additional work.[5]

Planet Construction claims that S&S's allegedly faulty workmanship and materials were discovered on August 31, 2020, after Planet Construction inspected the construction site following Hurricane Laura's landfall on August 27, 2020.[6] On April 4, 2021, Planet Construction filed suit in this Court against S&S for breach of contract, Gemini Insurance Company ("Gemini") for bad faith under Louisiana Revised Statutes sections 22:1892 and 22:1973, and Zurich American Insurance Company's ("Zurich") for wrongful denial of coverage.[7] On June 13, 2022, the Court granted summary judgments in favor of Gemini and Zurich, dismissing claims against both insurers without prejudice.[8] On September 1, 2022, Planet Construction filed its First Amended Complaint, asserting claims against S&S for breach of contract for defective work and negligence for failing to provide coverage and indemnify Planet Construction for damages resulting from the allegedly defective work.[9] Jury trial is set for September 18, 2023.

## II.   LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] Doc. 1, pp. 2–3, ¶9.
[7] Doc. 1.
[8] Docs. 58, 60.
[9] Doc. 69, pp. 3–4, ¶VI.

as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.* If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III. LAW & ANALYSIS

#### A. Breach of Contract

First, S&S argues that because no claim or action has been asserted against Planet Construction, it is not obligated to indemnify and save harmless Planet Construction, and, therefore, S&S is not liable for breach of the Subcontract. By contract, Planet Construction argues that the Subcontract's indemnity provision applies to the type of indemnity that it seeks. The Subcontract's indemnity provision provides:

> To the full extent permitted by law, Subcontractor and its sureties on any bonds agree to defend, indemnify, and save harmless Contractor, Contractor's sureties, and Customer, and their agent, servants, and employees, from and against any claim, cost, expense, or liability (including attorney fees) attributable to bodily injury, sickness, disease or death, or to damages to or destruction of property (including loss of use thereof), caused by, arising out of, resulting from, or occurring in connection with the performance of the Work by Subcontractor. In the event work is deemed a "construction contract" or "motor carrier transportation contract," as defined by La. R.S. 9:2780.1 or similar statute, Subcontractor will only be liable to the extent the loss or damage did not result from the negligence or intentional acts or omissions of the indemnities or a third party over which Subcontractor had no control. Subcontractor's obligations under this section are not limited by the provisions of any workman's compensation or similar act. Should Customer or any other person assert a claim or institute a suit, action or proceeding against Contractor involving the manner or sufficiency of the performance of the Work, Subcontractor and its sureties will, upon request of Contractor, properly assumed the defense of such claim, suit, action or proceeding, at Subcontractor's and its sureties' expense, and Subcontractor and its sureties will indemnify and save harmless Contractor and its agent, servants and employees from and against any liability, loss, damage, or expense arising out of or related to such claim, suit, action or proceeding.[10]

The "general rules which govern the interpretation of other contracts apply in construing a contract of indemnity." *Soverign Ins. Co. v. Texas Pipe Line Co.*, 488 So.2d

---

[10] Doc. 1-1, pp. 2–3.

982, 984 (La. 1986). Thus, when interpreting a contract with an indemnification provision, courts must determine the common intent of the parties. *See* La. Civ. Code art. 2045. The words of the indemnification provision must be given their generally prevailing meaning whereas technical words must be given their technical meaning. *See id.* art. 2047. When the words of an indemnification provision are clear and explicit and lead to no absurd consequences, courts must enforce the provision as written. *See id.* art. 2046. Any ambiguity is resolved by interpreting against the party which furnished the text. *See id.* art. 2056.

Applying the foregoing interpretive rules to the indemnification provision in the instant matter, the Subcontract's indemnification provision indicates that S&S agreed to indemnify Planet Construction from and against any claim, cost, or expense attributable to damages to or destruction caused by S&S's performance under the Subcontract. But that language must be read in context with whole provision; specifically, the terms stating, "Should Customer or any other person assert a claim or institute a suit, action or proceeding against Contractor involving the manner or sufficiency of the performance of the Work, Subcontractor . . . ." Moreover, "[i]ndemnity in its most basic sense means reimbursement, and may lie when one party discharges a liability which another rightfully should have assumed." *Naquin v. Louisiana Power & Light Co.*, 951 So. 2d 228, 231 (La. Ct. App. 1st Cir. 2006), *writ denied*, 949 So. 2d 441 (La. 2007) (citing *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999); *Richey v. Moore*, 840 So.2d 1265 (La. Ct. App. 2d Cir. 2003), *writ denied*, 845 So.2d 1265, 1270 (La. 1986)). Here, however, there has been no claim, suit, action or proceeding against Planet Construction giving rise to liability that

S&S should have assumed; this is required to trigger S&S's contractual obligation to indemnify Planet Construction. Thus, S&S's motion insofar as the request to dismiss Planet Construction's breach of contract claim under the indemnification provision will be granted, however, without prejudice in the event that that provision is hereafter triggered.

Next, S&S claims that summary judgment in its favor is warranted because Planet Construction has no positive evidence showing that S&S manipulated the tee fitting nor that the tee fitting was part of S&S's scope of work. By contrast, Planet Construction argues that it has submitted summary judgment evidence that S&S intentionally unlocked the tee fitting and failed to relock it. As to S&S's claim that the subject tee fitting was not within its scope of work, the Subcontract states: "Existing sprinklers to be relocated, replaced, adjusted based on ceiling layout (Reflected Ceiling Plan drawing sheet A102) provided at time of bid. New sprinklers required to be added in some areas to correct sprinkler spacing due to new walls, bulkheads or ceilings to be added."[11] For the Subcontract to achieve its purpose, S&S's performance in completing the work would require it to manipulate the sprinkler system's existing piping and connectors in order to adjust and/or relocate sprinklers and, in some cases, install new sprinklers. *See* La. Civ. Code art. 2054 ("When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.").

---

[11] Doc. 1-1, p. 9.

Additionally, Planet Construction's engineering expert Charles Norman's unsworn declaration states that S&S manually loosened the tee fitting and failed to relock it prior to the completion of its work.[12] He reaches this conclusion based on his inspection of the sprinkler system, an engineering report provided by Rimkus Consulting Group, Inc., and the deposition testimony by Rickey LaCombe, S&S's Area Superintendent.[13] Mr. Norman stated that when S&S performed the work replacing the piping below the subject tee fitting in the manner which Rickey Lacombe testified to in his deposition, the torque required to perform those tasks was sufficient to loosen the subject tee fitting.[14] With this summary judgment evidence, Planet Construction has met its burden to show that a genuine issue of material fact exists for trial.

### B. Limitation of Liability

S&S argues that the August 5 and 10, 2020 work orders' liquidated damages provisions limited any potential liability against it to $1,000.00. Planet Construction counters that the liquidated damages provisions in those work orders to perform additional work were executed after the Subcontract, and the Subcontract expressly prohibits its terms and conditions from being modified by work orders.

Appended to the August 5 and 10, 2020 work orders is a General Terms & Conditions section, which contains a Liquidated Damages provision that states:

> If S&S shall be found liable for loss or damages due to a failure of inspection and/or testing in any respect, S&S liability shall be limited to the lesser of

---

[12] Docs. 84-2, -3.
[13] Doc. 84-2.
[14] *Id.*

one-half (1/2) of the current annual inspection charge paid (or to be paid) by the CUSTOMER or $1,000.00 as liquidated damages and not as a penalty.[15]

By contrast, the Subcontract's Preamble states:

> This Contract controls and governs the Work (as defined below) performed by Subcontractor for Contractor. It may be used in conjunction with written Work Orders between the Parties; however, nothing contained in any Work Order will be construed to change or amend the terms and conditions of this Contract. This Contract does not obligate Contractor to order Work from Subcontractor and does not obligated Subcontractor to accept orders for Work from Contractor.[16]

Thus, the Subcontract expressly prohibits modification or abrogation of its terms by Work Orders.

## IV.   CONCLUSION

For the above stated reasons, S&S's motion for summary judgment (Doc. 82) will be **GRANED IN PART** as to the indemnification provision and **DENIED IN PART** as to other claims for relief.

**THUS DONE AND SIGNED** in Chambers on this 20th day of July 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[15] Doc. 82-3, pp. 15–16.
[16] Doc. 1-1, p. 1.