UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PLANET CONSTRUCTION J2911 LLC** | **CASE NO. 2:21-CV-01075** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GEMINI INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

MEMORANDUM RULING

Before the Court is Zurich American Insurance Company's ("Zurich") Motion for Summary Judgment (Doc. 80). Plaintiff Planet Construction J2911, LLC d/b/a Planet Construction, LLC ("Planet Construction") opposes the motion. Doc. 84. Zurich has replied. Doc. 88.

### I. BACKGROUND

This diversity action arises from the failure of a tee fitting on a sprinkler system that was worked on by the subcontractor S&S during the construction of a fitness club, Club 4 Fitness, in Lake Charles, Louisiana, from which the general contractor, Planet Construction, claims it was legally obligated to repair.[1] On May 15, 2020, Planet Construction and Club 4 Fitness executed a "Club 4 Fitness General Contractor Agreement" for the construction of a Club 4 Fitness at 139 West McNeese Street.[2] On June 12, 2020, Planet Construction and S&S executed a subcontractor agreement ("Subcontract") for the sprinkler portion of the Club 4 Fitness project.[3] The Subcontract

---

[1] Doc. 1, p. 3, ¶12.
[2] Docs. 82-2, 85-3.
[3] *Id.*

provided S&S's scope of work.[4] As the work progressed, S&S and Planet Construction executed two work orders for additional work.[5] S&S completed its work under the subcontract prior to August 27, 2020.[6]

Planet Construction claims that S&S's allegedly faulty workmanship and materials were discovered on August 31, 2020, after Planet Construction inspected the construction site following Hurricane Laura's landfall on August 27, 2020.[7] Plant Construction sought coverage under its policy held by its insurer Gemini Insurance Company ("Gemini") as well as with Zurich, which is S&S's insurer.[8] Planet Construction alleges that S&S was contractually obligated to name Planet Construction as an additional insured under Policy No. GL0 9410294-08 with a policy period of February 1, 2020 through February 1, 2021.[9] Gemini allegedly denied the claim because Planet Construction incurred expense voluntarily and its failure to promptly notify it of the loss.[10] On December 20, 2020, Zurich sent a letter requesting more documentation on damages encompassed in the claim and thereafter allegedly failed to respond to Planet Construction's submission of that requested documentation.[11]

On April 4, 2021, Planet Construction filed suit in this Court against S&S for breach of contract, Gemini Insurance Company ("Gemini") for bad faith under Louisiana Revised

---

[4] *Id.*
[5] *Id.*
[6] Doc. 82-1, p. 2.
[7] Doc. 1, pp. 2–3, ¶9.
[8] *Id.* at 4–5, ¶¶15–19
[9] Doc. 1, p. 3, ¶10; doc. 9, p. 4, ¶10.
[10] Doc. 1., p. 4, ¶17.
[11] Doc. 1, p. 5, ¶20; doc. 9, p. 5, ¶20.

Statutes sections 22:1892 and 22:1973, and Zurich for wrongful denial of coverage.[12] On June 13, 2022, the Court granted summary judgments in favor of Gemini and Zurich, dismissing claims against both insurers without prejudice.[13] On September 1, 2022, Planet Construction filed its First Amended Complaint, asserting claims against S&S for breach of contract for defective work and negligence for failing to provide coverage and indemnify Planet Construction for damages resulting from the allegedly defective work.[14] The amended complaint also asserts these claims against Zurich as S&S's liability insurer.[15] A jury trial is set for September 18, 2023.

## II.　LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.* If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the

---

[12] Doc. 1.
[13] Docs. 58, 60.
[14] Doc. 69, pp. 3–4, ¶VI.
[15] *Id.*

nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010). A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.   LAW & ANALYSIS

Here, Zurich moves the Court for summary judgment, arguing that nothing in Planet Construction's amended complaint triggers any potential coverage issues under the Zurich policy issued to S&S. Zurich maintains that Planet Construction is not the proper party to make a claim for negligence and solidary liability against it and its insured S&S. Planet Construction counters that genuine issues of material fact exist with respect to whether Planet Construction can recover against S&S and Zurich, S&S's general liability insurer, for S&S's breach of the subcontract with Planet Construction for unworkmanlike performance. Specifically, Planet Construction claims that S&S breached its contractual obligation to perform work in a good, safe, and workmanlike manner when it failed to

secure the tee fitting after unlocking it to rotate a lateral pipe resulting in a leak that caused damage.[16] Planet Construction argues that it has submitted summary judgment evidence that S&S failed in this regard, which leaves genuine issues of material fact for trial.[17]

The Court's July 20, 2023 Memorandum Ruling determined that Planet Construction had presented sufficient summary judgment as to claims that S&S's defective work caused damages to the Club 4 Fitness project.[18] And under Louisiana Revised Statutes section 22:1269, a plaintiff has "a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer along, or against both the insured and the insurer . . . ." Thus, so long as S&S's CGL Policy supports coverage, Planet Construction can sue both S&S and Zurich.

An insurance policy is an aleatory, nominate contract between the parties, and is subject to the rules of contract interpretation pursuant to the Louisiana Civil Code. La. Civ. Code arts. 1912, 1914; *La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 630 So.2d 759, 763 (La. 1994); *Broadmoor Anderson v. National Union Fire Ins. Co. of Louisiana*, 912 So.2d 400, 404 (La. Ct. App. 2d Cir. 2005), *writ denied*, 912 So.2d 400 (La. 2005). When interpreting an insurance policy, courts must determine the common intent of the parties. *See* La. Civ. Code art. 2045. The words of the insurance policy must be given their generally prevailing meaning whereas technical words must be given their technical meaning. *See id.* art. 2047. When the words of an insurance policy are clear and explicit and lead to no absurd consequences, courts must enforce the policy as written. *See id.* art.

---

[16] Doc. 69.
[17] Doc. 84-2.
[18] Doc. 89.

2046. Any ambiguity is resolved by interpreting against the party which furnished the text, here, the insurer. *See id.* art. 2056.

### A. S&S's CGL Policy

The policy issued by Zurich to S&S provides: "We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies."[19] Additionally the policy states: "Damages because of 'property damage' include damages the insured becomes legally obligated to pay because of 'property damage' to 'your work' or caused by 'your work' and shall be deemed to be caused by an 'occurrence' regardless of whether the 'property damage' arises from breach of contract."[20] Under the Policy,

"Your work":

a. Means:

(1) Work or operations performed by [S&S] . . .; and

(2) Materials, parts or equipment, furnished in connection with such work or operations.

b. Includes:

(1) "Warranties, or representations made at any time with respect to the fitness, quality, durability, performance or use of [S&S's work] . . . .[21]

There are numerous policy coverage exclusions that state the insurance coverage to does not apply to certain items. Relevant here is the Policy's "Your work" exclusion, which excludes:

l. Damage To Your Work

---

[19] Doc. 44-3, p. 46.
[20] *Id.* at 27.
[21] *Id.* at 61.

> "Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard.
>
> . . . ."[22]

The Policy also excludes:

> j. Damage to Property
>
> "Property damage" to:
>
> . . .
>
> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
>
> (6) That particular part of any property that must be restored, repaired, or preplaced because "your work" was incorrectly performed on it.
>
> . . .
>
> Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."[23]

The "Products-completed operations hazard" ("PCOH")

> a. Includes all "bodily injury" and "property damage' occurring away from premises you own or rent and arising out of "your work" except:
>
> . . .
>
> (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earlier of the following times:
>
> (a) When all of the work called for in your contract has been completed.
>
> . . . .[24]

### B. Whether coverage is triggered for S&S's allegedly defective work

---

[22] *Id.* at 47, 50.
[23] *Id.* at 49–50.
[24] *Id.* at 60.

This Court previously held that "legally obligated to pay as damages" in both Gemini's and Zurich's CGL Policy requires a lawsuit against the insured other than a first-party claim by the insured against its insurer for costs and expenses the insured was contractually obligated incur to repair damages that were allegedly caused by its subcontractor.[25] Since the Court's prior ruling, Planet Construction has amended its complaint to assert claims for damages against S&S and its liability insurer, Zurich.[26] Thus, in the context of the relationship between S&S and its insurer Zurich, there is a lawsuit by Planet Construction against the insured S&S.[27]

The terms of the policy issued to S&S indicate that coverage is triggered by property damage caused by the work or operations performed by S&S that is an "occurrence."[28] Here, "occurrence" means accident and includes tortious events as well as the alleged deficient workmanship for the sprinkler installation that caused water damage.[29] *See Broadmoor Anderson v. National Union Fire Ins. Co. of Louisiana*, 912 So.2d 400, 405 (La. Ct. App. 2d Cir. 2005), *writ denied*, 925 So. 2d 1239 (La. 2006) (The term "accident" under a CGL includes deficient conduct that is unexpected with lack of foresight). Additionally, the Policy covers damages caused by an "'occurrence' regardless of whether the 'property damage' arises from a breach of contract."[30] Accordingly, the "occurrence"

---

[25] Docs. 57, 59.
[26] Doc. 69.
[27] Doc. 69.
[28] Doc. 44-3, pp. 27, 61.
[29] *Id.* at 60.
[30] *Id.* at 27.

Page **8** of **10**

requirement in the Policy is satisfied by the allegedly accidental nature of S&S's defective work.

Next, the Policy exclusions must be applied. First, under "(j)(6), coverage is excluded for "property that must be restored, repaired, or replaced because [S&S's work] was incorrectly performed on it"; however, the "(j)(6)" exclusion has an exception that states it does not apply to property damage in the PCOH.[31] Because "S&S completed its scope of work on the project, and the Fire Marshal signed off, before Hurricane Laura struck," which is before the "occurrence" that caused damage, S&S's work falls under the PCOH exception to the "Damage to Property" exclusion.[32] Second, the "(j)(5)" exclusion provision does not apply to S&S's allegedly defective work because it uses the present tense of the verb "working," which means it applies to work that is ongoing, *i.e.*, if all of the work called for in S&S's subcontract had not been completed and the "occurrence" caused damage. Third, under the "(l)" exclusion for "Your work," S&S's defective work itself is excluded from coverage. *See Supreme Servs. & Specialty Co. v. Sonny Greer, Inc.*, 958 So. 2d 634, 643 (La. 2007) ("[A] CGL policy containing the "work product" exclusion does not insure any obligation of the policyholder to repair or replace his own defective product."). Nevertheless, the "Your work" exclusion does not apply to damage that S&S causes to other parts of the Club 4 Fitness project beyond the scope of S&S's defective work. *See id.* at 644–45 ("Under the 'work product' exclusion, the insured . . . becomes liable for damages to its work or its product caused by its faulty workmanship. Under the

---

[31] *Id.* at 49–50.
[32] Doc. 82-1, p. 2.

PCOH provision, damages, other than the faulty product or work itself, arising out of the faulty workmanship are covered by the policy.").

In short, to the extent that liability and damages are established against S&S, S&S's CGL Policy covers damage to parts of the overall Club 4 Fitness project that must be restored, repaired or replaced because of S&S's defective work but S&S's defective work itself, including materials, parts or equipment, furnished in connection with such work, is excluded from coverage. Because coverage exists within the terms and limits of the CGL Policy, Section 22:1269 allows Planet Construction to maintain an action against S&S as well as its liability insurer, Zurich. Therefore, Planet Construction has met its burden to survive summary judgment on its claims against Zurich.

## IV.   CONCLUSION

For the reasons stated above, Zurich American Insurance Company's ("Zurich") Motion for Summary Judgment (Doc. 80) will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 21st day of July 2023.

*[Signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**