UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **PLANET CONSTRUCTION J2911 LLC** | **CASE NO. 2:21-CV-01075** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **GEMINI INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is a Motion in Limine (Doc. 93) filed by Plaintiff Planet Construction J2911, LLC d/b/a Planet Construction, LLC's ("Planet Construction"), wherein Plaintiff moves the court to exclude any mention of potential alternative sources of insurance at trial, other than the policy issued to Defendant S&S Sprinkler Company, LLC ("S&S") by Defendant Zurich American Insurance Company's ("Zurich"), Policy No. GLO941929408. Defendants oppose the motion. Docs. 96, 97. Plaintiff has replied. Doc. 102.

### I.  BACKGROUND

This diversity action arises from the failure of a tee fitting on a sprinkler system that was worked on by the subcontractor S&S during the construction of a fitness club, Club 4 Fitness, in Lake Charles, Louisiana, from which the general contractor, Planet Construction, claims it was legally obligated to repair.[1] On May 15, 2020, Planet Construction and Club 4 Fitness executed a "Club 4 Fitness General Contractor

---

[1] Doc. 1, p. 3, ¶12.

Agreement" for the construction of a Club 4 Fitness at 139 West McNeese Street.[2] On June 12, 2020, Planet Construction and S&S executed a subcontractor agreement ("Subcontract") for the sprinkler portion of the Club 4 Fitness project.[3] The Subcontract provided S&S's scope of work.[4] As the work progressed, S&S and Planet Construction executed two work orders for additional work.[5] S&S completed its work under the subcontract prior to August 27, 2020.[6]

Planet Construction claims that S&S's allegedly faulty workmanship and materials were discovered on August 31, 2020, after Planet Construction inspected the construction site following Hurricane Laura's landfall on August 27, 2020.[7] On April 4, 2021, Planet Construction filed suit in this Court against S&S for breach of contract, its insurer Gemini Insurance Company ("Gemini") for bad faith under Louisiana Revised Statutes sections 22:1892 and 22:1973, and Zurich for wrongful denial of coverage.[8] On June 13, 2022, the Court granted summary judgments in favor of Gemini and Zurich, dismissing claims against both insurers without prejudice.[9] On September 1, 2022, Planet Construction filed its First Amended Complaint, asserting claims against S&S for breach of contract for defective work and negligence for failing to provide coverage and indemnify Planet Construction for damages resulting from the allegedly defective work.[10] The amended

---

[2] Docs. 82-2, 85-3.
[3] Id.
[4] Id.
[5] Id.
[6] Doc. 82-1, p. 2.
[7] Doc. 1, pp. 2–3, ¶9.
[8] Doc. 1.
[9] Docs. 58, 60.
[10] Doc. 69, pp. 3–4, ¶VI.

complaint also asserts these claims against Zurich as S&S's liability insurer.[11] A jury trial is set for September 18, 2023.

## II.  LAW & ANALYSIS

Here, Plaintiff argues that evidence regarding other policies of insurance that may have provided coverage for Plaintiff's damages is irrelevant or, if relevant, that evidence's probative value would be substantially outweighed by the risk of unfair prejudice. Defendant Zurich responds arguing that under the General Contract Agreement between Plaintiff and Club 4 Fitness, Club 4 Fitness was obligated to purchase a builder's risk policy, which would provide coverage for the damage allegedly caused by S&S, thus limiting Zurich's exposure to only the excess of the builder's risk policy's coverage. S&S also opposes Plaintiff's motion and argues that Club 4 Fitness should have purchased a builder's risk policy and provided coverage.

The specific provision of S&S's CGL to which Zurich refers provides:

**4. Other Insurance**

If other valid and collectible insurance **is available to the insured** for a loss we cover under Coverages **A** or **B** of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when Paragraph **b.** below applies. If this insurance is primary, our primary obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in Paragraph c. below.

---

[11] *Id.*

**b. Excess Insurance**

**(1)** This Insurance is excess over:

**(a)** Any of the other insurance, whether primary, excess, contingent or on any other basis:

**(i)** That is Fire, Extended Coverage, Builder's Risk, Installation Risk or similar coverage for "your work";

. . .

**(b)** Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured.

. . . .[12] (emphasis added).

No evidence has been put forth to suggest that S&S has any other available insurance covering liability for damages. The putative builder's risk policy conceived in the General Contract Agreement between Plaintiff and Club 4 Fitness would have needed to name S&S as an insured to put S&S's CGL Policy's primary coverage in conflict. For example, in *Woodson v. A & M Invs., Inc.*, 591 So. 2d 1345 (La. Ct. App. 4th Cir. 1991), a real estate manager was a named insured on the property owner's CGL policy in addition to being a named insured on its own CGL. The court determined that primary coverage provided by the property owner's CGL relegated the real estate manager's CGL coverage to excess coverage pursuant to the "other insurance" provision of the real estate manager's CGL. *Id.* at 1348. Here, by contrast, S&S is a named insured only in its CGL issued by

---

[12] Doc. 44-3, p. 57.

Zurich; no other primary insurance for S&S exists to bump Zurich's coverage to excess coverage only under (4)(b) of its CGL Policy.

Since Zurich is S&S's only insurer in the record, any reference to a builder's policy issued to Club 4 Fitness, which is not a party to this suit, will only confuse the issues. *See* Fed. R. Evid. 403. Accordingly, S&S and Zurich are precluded from arguing sources other than Zurich are responsible for coverage of the damages allegedly caused by S&S.

### III.    CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion in Limine (Doc. 93) be **GRANTED** as stated above.

**THUS DONE AND SIGNED** in Chambers on this 14th day of August 2023.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**